UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES CRESS, | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. _____ |
| v. | ) |
| | ) |
| FIELDALE FARMS CORPORATION, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT FOR EQUITABLE RELEIF AND DAMAGES**

Plaintiff James Cress ("Plaintiff" or "Mr. Cress") files this Complaint for Equitable Relief and Damages against Defendant Fieldale Farms Corporation ("Fieldale Farms" or "Defendant") showing the Court as follows:

## Introduction

This is an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA") and for disability discrimination in violation of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (the "ADA"). Mr. Cress farmed "broiler" chickens for Fieldale Farms for almost four decades. In March 2018, Mr. Cress underwent surgery to remove malignant tumors related to his stomach cancer. Mr.

Cress suffered some complications but was otherwise able to work. Nonetheless, Fieldale Farms ended its employment relationship with Mr. Cress in April 2019.

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c)(1).

2. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) and (c) because the unlawful actions giving rise to this matter were committed in the Middle District of Georgia.

## The Parties

3. Mr. Cress is a citizen of the United States and a resident of Georgia.

4. At all times relevant to her claims, Mr. Cress was Fieldale Farm's "employee" within the meaning of 29 U.S.C. §630(f) and 42 U.S.C. § 12111(4).

5. Mr. Cress was 75 years old when Fieldale Farms ended their employment agreement with him.

6. Fieldale Farms is a Domestic Professional Corporation incorporated in Georgia.

7. Fieldale Farms is licensed to, and does, transact business in Georgia.

8. Fieldale Farms's principal office is located in Georgia at 558 Broiler Blvd., Baldwin, GA 30511.

9. Fieldale Farms may be served with process via personal service upon its registered agent, H. Jonathan Allen, at 3719 B.C. Grant Rd., Cornelia, GA 30531.

10. At all times pertinent to this lawsuit, Fieldale Farms has been engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 630(h).

11. Fieldale Farms is an "employer" within the meaning of 29 U.S.C. § 630(b).

12. Mr. Cress is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

13. Mr. Cress is a person with a disability because he has an actual disability – stomach cancer – causing substantial limitations in one or more major life activities, because he has a record of impairment, and because Fieldale Farms regarded him as having an impairment.

14. At all times, Mr. Cress was capable of performing the essential functions of his job with or without an accommodation.

15. Fieldale Farms is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA (42 U.S.C. § 12111(5)) and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

## Satisfaction of Administrative Prerequisites

16. Mr. Cress timely filed an EEOC charge, Charge No. 410-2019-08728, on September 6, 2019.

17. Mr. Cress's EEOC charge encompassed, and placed Fieldale Farms on notice of, the claims for which he seeks relief in this lawsuit.

18. This lawsuit is filed within 90 days of Mr. Cress's receipt of the Notice of Right to Sue.

19. Mr. Cress has satisfied all administrative prerequisites to the filing of this lawsuit.

## The Underlying Facts

20. Mr. Cress began work as a chicken farmer for Fieldale Farms in 1980.

21. Fieldale Farms provided Mr. Cress with chickens to raise.

22. Fieldale Farms maintained ownership of the chickens while Mr. Cress raised them.

23. Fieldale Farms provided specific instructions to Mr. Cress regarding how he should perform his duties.

24. Fieldale Farms mandated that Mr. Cress only farm chickens from Fieldale Farms and prevented him from farming for any other company.

25. In March 2018, Mr. Cress had surgery to remove malignant tumors related to his stomach cancer. Mr. Cress's spleen and parts of his stomach and pancreas were removed.

26. Mr. Cress required around two weeks off work to recover from the surgery and sepsis contracted from complications due to the surgery.

27. After Mr. Cress's recovery period in the hospital, he immediately returned to work.

28. Mr. Cress continued to raise satisfactory flocks for Fieldale Farms.

29. On April 28, 2019, Mr. Cress's supervisor, Ken Martin, informed Mr. Cress that they were going to suspend him.

30. Mr. Martin told Mr. Cress to "call him back when his health gets better."

31. Two days later, on April 30, 2019, Mr. Cress received an official notice of suspension which stated that Mr. Martin had concerns that, due to Mr. Cress's health, he would not be able to properly manage his farm.

32. Fieldale Farms has systematically terminated older farmers.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

33. Mr. Cress incorporates by reference all the preceding paragraphs.

34. Fieldale Farms discriminated against Mr. Cress because of his age, in violation of the ADEA.

35. But for Mr. Cress's age, he would not have been terminated from Fieldale Farms.

36. Fieldale Farms's discriminatory actions have caused Mr. Cress damages including, but not limited to lost wages and benefits.

37. Fieldale Farms's discriminatory acts were willful within the meaning of the ADEA, and Mr. Cress is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

38. Mr. Cress incorporates by reference all the preceding paragraphs.

39. At all times relevant hereto, Fieldale Farms has been subject to the requirements of Title I of the Americans with Disabilities Act, as amended.

40. At all times relevant hereto, Mr. Cress was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

41. Fieldale Farms was aware of Mr. Cress's disabilities and history and record of disability.

42. At all times relevant hereto, Mr. Cress has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

43. Mr. Cress's disabilities substantially limited one or more major life activities.

44. After Mr. Cress underwent surgery related to his disability, Fieldale Farms terminated its employment agreement with Mr. Cress.

45. Fieldale Farms's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

46. As a direct and proximate result of Fieldale Farms's intentional discrimination, Mr. Cress has suffered out of pocked losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, all in an amount to be established at trial.

47. Fieldale Farms's actions have caused, continue to cause, and will cause Mr. Cress to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT III: REGARDED AS DISABLED IN VIOLATION OF THE ADA**

48. Mr. Cress incorporates by reference all the preceding paragraphs.

49.     At all times relevant hereto, Fieldale Farms has been subject to the requirements of Title I of the Americas with Disabilities Act as amended.

50.     At all times relevant hereto, Mr. Cress was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because Fieldale Farms regarded him as a person with an impairment as defined by the Act.

51.     Moreover, at all times relevant hereto, Mr. Cress has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of his job.

52.     Fieldale Farms terminated Mr. Cress after his stomach cancer surgery because it regarded him as disabled.

53.     Fieldale Farms's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

54.     As a direct and proximate result of Fieldale Farms's intentional discrimination, Mr. Cress has suffered out of pocket losses and has been deprived of job-related economic benefits, including in come in the form of wages and other job-related benefits, all in an amount to be established at trial.

55.     Fieldale Farms's actions have caused and continue to cause Mr. Cress to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## **Prayer for Relief**

Mr. Cress demands a TRIAL BY JURY on all issues so triable and the following relief:

(a) a declaration that Fieldale Farms violated Mr. Cress's rights under the ADEA and the ADA;

(b) a permanent injunction against Fieldale Farms, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any further such violations;

(c) full back pay, including lost compensation and benefits, compensation and benefits increases Mr. Cress would have received in the absence of discrimination, retirement losses, and all other components of compensation and benefits reducible to a dollar value;

(d) prejudgment interest on any award as required by law;

(e) liquidated damages equal to Mr. Cress's back pay as a result of Fieldale Farms's willful violations of the ADEA;

(f) reasonable attorney's fees, costs, and expenses; and

(g) such additional monetary and equitable relief as may be just.

## DEMAND FOR JURY TRIAL

Mr. Cress demands a jury trial on all issues so triable.

Respectfully submitted this 18th day of November, 2020.

                LEGARE, ATTWOOD & WOLFE, LLC

                s/ *Marissa R. Torgerson*
                Marissa R. Torgerson
                Georgia Bar No. 848356
                Eleanor Mixon Attwood
                Georgia Bar No. 514014

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212
mrtorgerson@law-llc.com
emattwood@law-llc.com

Counsel for Plaintiff